

UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEGHAN GIBBONS, on behalf of herself and all others similarly situated, | ) | Case No. 17 1851 |
| Plaintiff | ) | |
| v. | ) | COMPLAINT – CLASS ACTION AND JURY DEMAND |
| WELTMAN, WEINBERG & REIS CO., LPA. | ) | |
| Defendant | ) | |

FILED
APR 24 2017
KATE BARKMAN, Clerk
By ______ Dep. Clerk

**COMPLAINT – CLASS ACTION**

Plaintiff, Meghan Gibbons ("Plaintiff"), on behalf of herself, and all others similarly situated, by way of Complaint against Weltman, Weinberg & Reis Co., LPA ("Defendant" or "Weltman"), avers the following:

**INTRODUCTION**

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors. *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014). The FDCPA is remedial legislation and is to be broadly construed in order to give full effect to Congress' purposes. *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142 (3d Cir. 2013). Communications subject to the FDCPA are reviewed from the perspective of the least sophisticated debtor. *Rosenau v. Unifund Corp.*, 539 F.3d 218 (3d Cir. 2008). This low standard effectuates the basic purpose of the FDPCA: to protect all consumers,

the gullible as well as the shrewd. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3d Cir. 2014).

3. Except where the Act expressly requires knowledge or intent, the FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation. *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364 (3d Cir. 2011). The intent or knowledge of the debt collector is irreverent when determining whether an amount listed in a demand letter is accurate. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240 (3d Cir. 2014).

4. Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney.

5. A letter from an attorney implies that a real lawyer, acting like a lawyer usually acts, directly controlled or supervised the process through which the letter was sent. That's the essence of the connotation that accompanies the title of "attorney." A debt collection letter on an attorney's letterhead conveys authority. Consumers are inclined to more quickly react to an attorney's threat than to one coming from a debt collection agency. *Lesher v. Law Offices of Mitchell N. Kay, Pc*, 650 F.3d 993, 1000 (3d Cir. 2011) (quoting *Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996)).

6. Case law establishes that it is false and misleading, within the meaning of FDCPA, for an attorney to send a debt collection letter without having meaningfully reviewed the case. *Bock v. Pressler & Pressler, LLP*, 30 F.Supp.3d 283, 287 (D.N.J. 2014) (citing *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 1001–1003 (3d Cir. 2011).

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

## PARTIES

9. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

10. At all times relevant to this Complaint, Plaintiff was a citizen of, and resided within the boundaries of the Eastern District of Pennsylvania.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Weltman regularly collects or attempts to collect consumer debts, and as a result, is a "debt collector" is that term is defined in Section 1692a(6) of the FDCPA.

13. At all times relevant to this Complaint, Weltman was a collector of consumer debt within the meaning of Section 1692a(6) of the FDCPA.

14. Defendant, Weltman, is a debt collection law firm with offices located at 170 S. Independence Mall W, Suite 874, Philadelphia, PA 19106.

## FACTUAL ALLEGATIONS CONCERNING PLAINTIFF

15. At all relevant times, Weltman was attempting to collect a consumer debt from Plaintiff.

16. The debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. On or around April 1, 2017 Weltman sent Ms. Gibbons a letter demanding payment of alleged debts.

18. The letterhead of the April 2017 demand letter reads:

**WELTMAN WEINBERG & REIS Co., LPA**
ATTORNEYS AT LAW

19. Upon information and belief, the April 1, 2017 letter to Ms. Gibbons, along with nearly all of Weltman's demand letters send to consumers, was generated through an automated computer process.

20. Upon information and belief, no attorney reviewed the April 1, 2017 letter, or the underlying alleged debt, prior to the April 1, 2017 letter being sent to Ms. Gibbons.

21. Upon information and belief, in nearly all cases where Weltman has sent initial demand letters to consumers containing the "Attorneys at Law" letterhead, no attorney has reviewed those letters or underlying accounts.

22. Upon information and belief, no Weltman attorney reviewed Ms. Gibbons' individual account to reach a professional judgment prior to sending the April 1, 2017 letter.

23. Upon information and belief, in nearly all cases where Weltman sent consumers initial demand letters containing the "Attorneys at Law" letterhead, no Weltman attorney reviewed the underlying individual accounts and reached a professional judgment prior to sending the demand letters.

24. The April 1, 2017 letter misrepresents that an attorney at Weltman has reviewed the consumer's file.

25. The April 1, 2017 letter is not from an attorney.

26. Weltman misrepresented that the April 1, 2017 letter is from an attorney.

27. The April 1, 2017 letter misrepresents that attorneys at Weltman reviewed the underlying account and determined that Ms. Gibbons owes the amount demanded, when in fact, no such review occurred.

28. Weltman's use of its letterhead which falsely implies that an attorney has reviewed the underlying account causes a risk of harm to all recipients of the letter, by making it appear that an attorney made the professional judgment that the underlying debt is accurate and valid, when in fact no such review or judgment has occurred.

29. Weltman's misrepresentation regarding attorney involvement is material, as it has the potential to influence consumers who believe an attorney has been involved in attempting to collect the debt.

30. Upon information and belief, the form letter was sent to a large number of consumers residing within the boundaries of the United States Court of Appeals for the Third Circuit.

## CLASS ACTION ALLEGATIONS

31. This action is brought as a class action.

32. Plaintiff brings this action on behalf of herself and on behalf of all other person similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

33. This claim is brought on behalf of a Plaintiff Class, consisting of a class of:

    a. All consumers residing within the boundaries of the United States Court of Appeals for the Third Circuit to whom, during the one year period prior to the filing of this action and continuing through resolution of this action, Defendant sent a demand letter with a letterhead substantially in the form of that detailed in paragraph 18 above.

34. The identities of all Class members are readily ascertainable from the records of Defendant.

35. Excluded from the Class are the Defendant and all of its respective officers, members, partners, managers, directors, and employees, and all of their respective immediate families; and legal counsel for all parties to this action and all members of their immediate families.

36. There are questions of law and fact common to the Plaintiff Class, which predominate over any issues involving only individual class members. The principal common question includes whether Defendant violated the FDCPA through its use of a standardized collection form letter printed on law firm letterhead without meaningful attorney involvement.

37. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. Numerosity: Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical. Although only Defendant knows the precise number of Class members, Defendant regularly collects or attempts to collect debt from consumers throughout the country.

   b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues is whether the FDCPA was violated by Defendant through its use of a standardized collection form letter printed on law firm letterhead without meaningful attorney involvement.

c. Typicality: The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the same operative facts and are based on the same legal theories.

d. Adequacy: Plaintiff will fairly and adequately protect the interests of the Class members insofar as Plaintiff has no interest that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has retained counsel, Diehl Law LLC, who is experienced in handling consumer lawsuits and complex legal issues. Neither Plaintiff nor her counsel has any interest that might cause them to not vigorously pursue the instant class action lawsuit.

e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

38. Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant, who, on information and belief, collect debts throughout the United States of America.

39. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the class

predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**COUNT I**
**DEFENDANT VIOLATED THE**
**FAIR DEBT COLLECTION PRACTICES ACT**
**AS TO PLAINTIFF AND THE CLASS**

40. Weltman violated § 1692e of the FDCPA by using false, deceptive, and misleading representations in its debt collection communications.

41. Weltman violated § 1692e(3) of the FDPCA by falsely representing or implying that any communication is from an attorney.

42. Weltman violated § 1692e(10) of the FDCPA by using false representations or deceptive means to collect or attempt to collect a debt.

**PRAYER FOR RELIEF**

43. WHEREFORE, Plaintiff, Meghan Gibbons, individually and on behalf of all others similarly situated requests the Court enter judgment against Defendant, Weltman, Weinberg & Reis Co., LPA as follows:

    a. An order certifying that the Cause of Action may be maintained as a class action pursuant to F.R.C.P. 23 including defining the class, defining the class claims, and appointing Plaintiff as the class representative and the undersigned attorneys as class counsel;

    b. An award of statutory damages for Ms. Gibbons and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

c. Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

d. For such further relief as may be just and proper.

**TRIAL BY JURY**

44. Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

DIEHL LAW LLC

Joseph L. Gentilcore, Esq.
Attorney for Plaintiff